UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARY F. DUNN-MASON, | Case No. 11-13419 |
| Plaintiff, | Stephen J. Murphy, III |
| v. | United States District Judge |
| JP MORGAN CHASE BANK NATIONAL ASSOCIATION and TROTT & TROTT, P.C., | Michael Hluchaniuk United States Magistrate Judge |
| Defendants. _____/ | |

### REPORT AND RECOMMENDATION
### MOTION TO DISMISS AS TO TROTT & TROTT PC (Dkt. 93)

**I.     PROCEDURAL HISTORY**

Plaintiff filed a complaint relating to wrongful disclosure on August 5, 2011, against defendants JP Morgan Chase, NA ("Chase") and the law firm of Trott & Trott ("Trott"). (Dkt. 1). On August 19, 2011, this matter was referred to the undersigned for all pretrial purposes. (Dkt. 5). Plaintiff filed an amended complaint as of right on August 22, 2011. (Dkt. 8). On May 7, 2012, the Court granted plaintiff's motion to file a second amended complaint (Dkt. 61), and plaintiff filed her second amended complaint on May 24, 2012. (Dkt. 63).

On June 1, 2012, defendant Trott filed its answer to plaintiff's amended complaint. (Dkt. 65). Then, on January 10, 2013, defendant Trott filed a Motion to Dismiss Action as to Trott & Trott pursuant to Federal Rules of Civil Procedure

1

12(b)(6) and (7). (Dkt. 93). Plaintiff filed a response to defendant's motion on January 18, 2013. (Dkt. 95). On January 29, 2013, defendant Trott filed it reply to plaintiff's response to defendant's motion to dismiss. (Dkt. 99). Plaintiff then filed second response in opposition to defendant Trott's motion to dismiss on February 11, 2013. (Dkt. 101). On February 19, 2013, defendant Trott filed a sur-reply brief in support of its motion to dismiss (Dkt. 102), and plaintiff filed a response to that sur-reply on February 26, 2013. (Dkt. 103).

This matter is now ready for report and recommendation. For the reasons set forth below, the undersigned **RECOMMENDS** that defendant Trott's motion to dismiss be **DENIED** without prejudice.

## II.  FACTUAL BACKGROUND

### A.  Plaintiff's Second Amended Complaint

According to plaintiff's second amended complaint, plaintiff and her husband, Wendell Mason, granted a mortgage to Washington Mutual Bank FA ("WaMu") on February 7, 2005. WaMu ceased to exist by that legal name and it was seized by the Office of Thrift Supervision in September 2008. The FDIC was appointed receiver and immediately transferred WaMu's assets to defendant Chase. However, plaintiff contends there is no record of the FDIC's registry of plaintiff's property with the Oakland County Register of Deeds Office. After April 1, 2010, plaintiff defaulted and Chase accelerated the loan. Plaintiff asserts that she sent

Qualified Written Requests ("QWR") to defendant Chase on May 21, 2010, July 30, 2010, and September 16, 2010 to validate or verify the debt. Chase responded that plaintiff had undertaken a valid, binding and legally enforceable obligation to Chase. On November 5, 2010, defendant Trott sent plaintiff a letter stating that it represents Chase and "[t]his matter was referred to this office to foreclose the mortgage." On November 26, 2010, plaintiff sent a notice of objection to foreclosure and an affidavit of rescission to defendant Chase, and in December 2010, plaintiff sent a dispute letter to defendant Trott. Trott responded to that letter on or about January 19, 2011. The sheriff's sale of the subject property took place on February 8, 2011, and the property was purchased by Chase.

Plaintiff asserts five causes of action against defendants Chase and Trott: (1) wrongful foreclosure based on plaintiff's claim that the mortgage was not validly assigned to defendants and thus defendants did not have authority to foreclose on the subject property; (2) violation of the Real Estate Settlement Procedure Act ("RESPA") based on plaintiff's claim that she sent QWRs to Chase and did not receive a response; (3) violation of the Fair Debt Collection Practices Act ("FDCPA") because defendants failed to verify the debt after plaintiff sent a notice of dispute; (4) violations of federal and state statutes resulting in defendants committing "bank fraud" when they foreclosed the mortgage because they failed to provide notice prior to foreclosure; and (5) violation of 15 U.S.C. § 1611(1) "when

they constructed and presented materially false, factitious, and fraudulent Foreclosure Sale documents[.]".  (Dkt. 63).

### B.   Parties' Arguments

Defendant Trott moved to dismiss this action as to Trott pursuant to Federal Rules of Civil Procedure 12(b)(6) and (7), arguing that none of the five counts states a claim against Trott.  Trott argues that plaintiff's complaint fails to plead fraud with particularity, as required by Rule 9(b), and that Trott was acting at all times as the attorney for Chase, and therefore owes no "duty" to plaintiff, an adverse party.  *See Friedman v. Dozorc*, 412 Mich. 1, 26; 312 N.W.2d 585 (1981).  Defendant Trott further contends that plaintiff also failed to plead her RESPA claim with particularity, fails to plead that any QWRs were directed to defendant Trott, and that in any event, QWRs must be sent to loan servicers and plaintiff fails to allege Trott was a loan servicer.  Defendant Trott also argues that it is not a "debt collector" within the meaning of the FDCPA.  Trott goes on to argue that 18 U.S.C. § 242 and 245 and 15 U.S.C. § 1611(1) are criminal statutes, which private citizens lack standing to prosecute, and that Trott was not "acting under color of state law" for purposes of 42 U.S.C. § 1983.  Defendant Trott also argues that plaintiff and her husband, Wendell Mason, were co-obligors under the Note and Mortgage and thus Mr. Mason is a necessary and indispensable party under Rule 19(a) and that plaintiff's complaint should therefore be dismissed under Rules

12(b)(7) and 19(b).

Plaintiff responds, in part, that defendant Trott's motion to dismiss pursuant to Rules 12(b)(6) and (7) is untimely because Trott filed an answer to plaintiff's second amended complaint on June 1, 2012. Plaintiff also argues that defendant Trott failed to make the Rule 12(b)(7) argument in either of its two previous motions to dismiss, which were both denied as moot, and thus has waived that argument for that reason as well. In any event, plaintiff argues, her husband is not an essential party because he filed a Quit Claim Deed on January 24, 2002 granting sole ownership of the property to plaintiff.

Defendant Trott replies that plaintiff is correct that Trott's motion to dismiss is "mislabeled," and it should have been brought under Rule 12(c) for "judgment on the pleadings." Defendant further contends that indispensability of a party may be brought at any time by a motion under Rule 12(c) or even at trial. Further, the two previous motions were never decided, but were mooted.

Plaintiff responds, in relevant part, that construing defendant Trott's motion as a Rule 12(c) motion is improper because "the case is not closed." Defendant Trott replies that "the pleadings are closed between these parties."

### III.  ANALYSIS AND CONCLUSIONS

The Federal Rules of Civil Procedure provide that "[a ]motion asserting any of these defenses [under Rule 12(b)] must be made before pleading if a responsive

5

pleading is allowed." Fed. R. Civ. P. 12(b). Defendant Trott filed its answer to plaintiff's second amended complaint on June 1, 2012, thereby rendering this subsequent January 10, 2013 motion under Rules 12(b)(6) and (7) untimely. *See Williams v. State Farm Ins. Co.*, 781 F. Supp.2d 519, 522 (E.D. Mich. 2011) (citing 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004) ("[A] post-answer Rule 12(b)(6) motion is untimely and . . . some other vehicle, such as a motion for judgment on the pleadings . . . must be used.")). Defendant Trott agrees that, because it has filed its answer, its motion is "mislabeled," and argues that this Court should construe its motion as a Rule 12(c) motion for judgment on the pleadings. Conversion of a motion to dismiss into a motion for judgment on the pleadings finds its roots in established Sixth Circuit precedent. *See Satkowiak v. Bay Cnty. Sheriff's Dep't*, 47 Fed. Appx. 376, 377 n.1 (6th Cir. 2002); *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436, n.1 (6th Cir. 1988) (construing post-answer Rule 12(b)(6) motion as a Rule 12(c) motion); *Wagner v. Higgins*, 754 F.2d 186, 188 (6th Cir. 1985) (holding that "where the substance of the motion is plain," it is proper to treat a motion styled as one under Rule 12(b)(6) and if it were brought under Rule 12(c)); *see also* Fed. R. Civ. P. 12(h) (a Rule 12(b)(6) failure to state a claim defense and a Rule 12(b)(7) failure to join a party defense can be raised in a pleading, in a rule 12(c) motion, or even at trial).

Rule 12(c) provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  Plaintiff argues that even if the Court construes defendant Trott's motion as a Rule 12(c) motion, the motion should be denied because the pleadings are not closed and thus a Rule 12(c) motion is not proper.  Defendant Trott responds that the pleadings are closed because it has filed its answer to plaintiff's second amended complaint.  For the reasons set forth below, the undersigned agrees that defendant Trott's motion should be denied as premature because the pleadings in this matter are not "closed."

Under Rule 12(c), a motion for judgment on the pleadings cannot be filed until the pleadings are "closed."  Although it does not appear that the Sixth Circuit has directly addressed this issue, a number of district courts in this and other circuits addressing this issue have held that pleadings are not "closed" until every defendant has filed an answer.  *See, e.g., Kowall v. GMAC Mortg., LLC*, 2012 WL 884851, at *1 (E.D. Mich. Mar. 15, 2012) (pleadings do not close for purposes of a Rule 12(c) motion until defendants have filed an answer to the complaint); *Horen v. Board of Educ. of Toledo City Sch. Dist*, 594 F. Supp.2d 833, 840 (N.D. Ohio 2009) ("If a case has multiple defendants, all defendants must file an answer before a Rule 12(c) motion can be filed.") (citing *Habeeba's Dance of the Arts., Ltd. v. Knoblauch*, 2006 WL 968642, at *2 (S.D. Ohio Apr. 10, 2006)); *Nationwide

*Children's Hosp., Inc. v. D.W. Dickey & Sons, Inc. Emp. Health & Welfare Plan*, 2009 WL 5247486, at *1 (S.D. Ohio Dec. 31. 2009) ("Thus, the pleadings are not closed until all defendants have filed an answer, even when one defendant has filed a motion to dismiss instead of answering."); *see also Nagy v. De Wese*, 705 F. Supp.2d 456, 460 & n.4 (E.D. Pa. 2010) (collecting cases).

In this case, plaintiff brings this lawsuit against defendants Chase and Trott. Although defendant Trott has filed an answer to plaintiff's second amended complaint (Dkt. 65), defendant Chase has not. Chase instead recently filed a motion to dismiss plaintiff's second amended complaint pursuant to Rules 12(b)(1) and (6). (Dkt. 107).[1] Thus, not all defendants have answered the complaint and the pleadings in this matter are not "closed" for purposes of Rule 12(c). *See*

---

[1] On October 24, 2012, this Court entered an order granting defendant Chase's motion to stay proceedings in this case pending a decision by the Michigan Supreme Court in *Kim v. JPMorgan Chase*, 295 Mich. App. 200 (2012), *leave granted* 491 Mich. 915 (May 9, 2012). (Dkt. 67). The Michigan Supreme Court issued its decision in *Kim* on December 21, 2012. *See Kim v. JPMorgan Chase, N.A.*, 493 Mich. 98 (2012). Based on the issuance of that ruling, this Court issued an order on January 8, 2013, lifting the stay of proceedings and directing defendant Chase to file an answer or otherwise respond to plaintiff's amended complaint by January 18, 2013. (Dkt. 92). JP Morgan Chase subsequently filed a motion for reconsideration of the Michigan Supreme Court's decision in *Kim* on January 11, 2013 and defendant Chase filed a motion to reinstate stay of proceedings in this case pending the Michigan Supreme Court's ruling on JPMorgan Chase's motion for reconsideration of *Kim v. JPMorgan Chase*, 493 Mich. 98 (2012). On March 22, 2013, this Court entered an order reinstating the stay of proceedings pending a final decision by the Michigan Supreme Court in the *Kim* case. (Dkt. 104). On April 18, 2013, defendant Chase filed a Notice of the Michigan Supreme Court's Issuance of an Order on Motion for Reconsideration Filed in *Kim*, in which it informed the Court that the Michigan Supreme Court entered an order denying JPMorgan Chase's motion for reconsideration on April 12, 2013. (Dkt. 105). On April 19, 2013, this Court entered an order lifting the stay and ordering defendant Chase to file an answer or otherwise respond to plaintiff's amended complaint by May 10, 2013. (Dkt. 106). Defendant Chase thus timely filed a motion to dismiss plaintiff's second amended complaint on May 10, 2013. (Dkt. 107).

8

*Nationwide Children's Hosp.*, 2009 WL 5247486, at *1 (pleadings not "closed" because although one defendant answered the counterclaim, the other two defendants filed a joint motion to dismiss); *Habeeba's Dance*, 2006 WL 968642, at *2 (Rule 12(c) motion premature when one defendant filed an answer but the other defendant filed a motion to dismiss in lieu of an answer).

      The undersigned recognizes that courts maintain discretion in certain circumstances to consider a Rule 12(c) motion even when one of the defendants has not filed an answer.  *See Nationwide Children's Hosp.*, 2009 WL 5247486, at *2 (citing *Noel v. Hall*, 2005 WL 2007876, at *1-2 (D. Or. Aug. 16, 2005)).  However, this is generally true in only limited circumstances, such as when a plaintiff fails to serve one of the defendants.  *See id.* (citing *Moran v. Peralta Cmty. Coll. Dist.*, 825 F. Supp. 891, 894 (D. Cal. 1993) (holding that particular defendant had not been served and was not yet a party and the pleadings were therefore "closed" for the purposes of the 12(c) motion); *Noel*, 2005 WL 2007876, at *2 (considering motion for judgment on the pleadings where other two defendants had not answered the complaint for five years and the motion only sought to resolve a legal issue without dismissing any claims)).  That is not the situation here, and the undersigned finds no reason to excuse the requirement that the pleadings be closed before a Rule 12(c) motion can be filed.  All defendants have been served, defendant Chase recently filed its motion to dismiss in lieu of an

answer, and there is no risk that Chase will not answer the second amended complaint, if necessary, once its motion to dismiss is resolved. Defendant Trott must wait until either defendant Chase files an answer or its motion to dismiss is granted before moving for judgment on the pleadings. Based on the foregoing, the undersigned concludes that defendant Trott's motion for judgment on the pleadings is premature and should be denied without prejudice to it being renoticed on the submitted papers after all defendants have answered or been dismissed.

## IV.  RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant Trott's motion to dismiss, construed as a motion for judgment on the pleadings, be **DENIED** without prejudice as premature.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

     Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: May 16, 2013                            s/Michael Hluchaniuk
                                                  Michael Hluchaniuk
                                                  United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

      I certify that on May 16, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Thomas H. Trapnell, Joseph H. Hickey, T.L. Summerville, and Edward A. Mahl, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): Mary F. Dunn Mason, 26233 Dundalk Street, Farmington Hills, MI 48334.

                                                        s/Tammy Hallwood  
                                                        Case Manager  
                                                        (810) 341-7887  
                                                        tammy_hallwood@mied.uscourts.gov