UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARY F. DUNN-MASON, | Case No. 11-13419 |
| Plaintiff, | Stephen J. Murphy, III |
| v. | United States District Judge |
| JP MORGAN CHASE BANK NATIONAL ASSOCIATION and TROTT & TROTT, P.C., | Michael Hluchaniuk United States Magistrate Judge |
| Defendants. _____/ | |

**REPORT AND RECOMMENDATION**
**RULE 41(b) DISMISSAL AND DEFENDANT TROTT & TROTT, P.C.'S**
**MOTION FOR SUMMARY JUDGMENT (Dkt. 123)**

**I.    PROCEDURAL HISTORY**

Plaintiff, appearing *pro se*, filed a complaint relating to wrongful foreclosure on August 5, 2011, against defendants JP Morgan Chase Bank, NA ("Chase") and the law firm of Trott & Trott, P.C. ("Trott"). (Dkt. 1). On August 19, 2013, this matter was referred to the undersigned for all pretrial purposes. (Dkt. 5). Plaintiff subsequently filed a first and then, with leave, a second amended complaint. (Dkt. 8, 63). On August 30, 2013, defendant Trott filed its motion for summary judgment. (Dkt. 123). On September 12, 2013, plaintiff filed a motion to stay the Court's decision of Trott's motion for summary judgment pending the Court's decision on defendant Chase's pending motion to dismiss.

1

(Dkt. 128). On September 25, 2013, the Court entered its Report and Recommendation regarding defendant Chase's motion to dismiss, recommending that Chase's motion to dismiss be granted. (Dkt. 132).[1] The Court then entered an order denying plaintiff's motion to stay on September 26, 2013, and ordered plaintiff to file a response to Trott's motion for summary judgment by October 25, 2013. (Dkt. 133).

On September 24, 2013, plaintiff filed a motion for order granting leave for more discovery, arguing that she needs to take additional discovery to respond to Trott's motion for summary judgment. (Dkt. 131). And, on October 22, 2013, plaintiff filed a motion to stay response to Trott's motion for summary judgment pending resolution of her motion for more discovery. (Dkt. 145). The undersigned entered an Order on November 8, 2013, denying plaintiff's motions, finding that "[p]laintiff has not established any link between the additional discovery she seeks and the claims she is presenting to the Court. As such, plaintiff's motion for more discovery is lacking the requisite specificity and a continuance is not warranted." (Dkt. 150, Pg ID 2339). The Order also provided:

---

[1] On November 1, 2013, District Judge Stephen J. Murphy, III adopted the undersigned's Report and Recommendation, granted defendant Chase's motion to dismiss, and terminated Chase as a party. (Dkt. 147). And, on November 26, 2013, the Court denied plaintiff's motion for reconsideration of its Order adopting the Report and Recommendation. (Dkt. 153). On March 20, 2014, plaintiff filed a motion for relief from the Court's Order adopting the report and recommendation, granting Chase's motion to dismiss and dismissing Chase as a party. (Dkt. 162).

2

> Plaintiff must file a response to Trott's motion for summary judgment, including a written brief, in accordance with Local Rule 7.1. The deadline for plaintiff's response is **November 21, 2013**. **Failure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party**. The deadline for the moving party's reply is **December 2, 2013**. Pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), the motion will be determined without oral argument.

(Dkt. 150, Pg ID 2340).

Plaintiff did not file a response to Trott's motion for summary judgment by November 21, 2013, but instead filed a motion to extend time to respond to Trott's motion for summary judgment on that date, arguing that "because of the complexities of the case, Plaintiff needs additional time to prepare the answer to Defendant's Motion for Summary Judgment." (Dkt. 152, ¶ 4). The Court granted that motion for extension of time and ordered that plaintiff's response to Trott's motion for summary judgment is due by December 5, 2013. (Text-only Order, Dkt. entry 11/25/2013). Plaintiff, however, again did not file a response to Trott's motion for summary judgment, but instead filed, on December 4, 2013, a motion for an order to defer this court's consideration of Trott's motion for summary judgment. (Dkt. 154). And, on December 5, 2013, plaintiff filed a motion for an order to stay response to Trott's motion for summary judgment. (Dkt. 155). On February 21, 2014, the undersigned entered an order denying plaintiff's motions.

3

(Dkt. 160). In that order, the Court stated:

> Defendant Trott's motion for summary judgment was filed on August 30, 2013. (Dkt. 123). Plaintiff has sought and obtained multiple extensions of time to file a response to Trott's motion. (Dkt. 135 (extending response date to 10/25/13); Dkt. 150 (extending response date to 11/21/13); Dkt. 152 (extending response date to 12/5/13)). Plaintiff must file a response to Trott's motion for summary judgment, including a written brief, in accordance with Local Rule 7.1. The deadline for plaintiff's response is **March 7, 2014**. **Given the grant of multiple extensions of time to file a response to Trott's motion for summary judgment, no motion filed by plaintiff between now and March 7, 2014 will affect this response date. Failure to file a response by March 7, 2014 will result in sanctions, including granting all or part of the relief requested by the moving party**. The deadline for the moving party's reply is **March 21, 2014**. Pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), the motion will be determined without oral argument.

(Dkt. 160, Pg ID 2402 (emphasis in original)).

Plaintiff again did not file a response to defendant Trott's motion for summary judgment, but instead filed an objection to the undersigned's February 21, 2014 order on March 6, 2014. (Dkt. 161). However, pursuant Local Rule 72.2, "[w]hen an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge." E.D. Mich. L.R. 72.2. Accordingly, the Court's February 21, 2014 Order requiring plaintiff to file a

4

response to Trott's motion for summary judgment by March 7, 2014, and stating that failure to file a response by that date "will result in sanctions, including granting all or part of the relief requested" by Trott, remains in full force an effect. Based on plaintiff's continuing failure to respond to defendant Trott's motion for summary judgment, the undersigned recommends dismissal of all claims against Trott.

For the reasons set forth below, the undersigned **RECOMMENDS** that the remainder of plaintiff's complaint against defendant Trott be **DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b) and that the pending motion (Dkt. 123) be **TERMINATED** as **MOOT**.

## II. ANALYSIS AND CONCLUSION

Under Federal Rules of Civil Procedure 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson, Tenn.*, 8 Fed. Appx. 294, 296 (6th Cir. 2001). Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. at 629-30. "[D]istrict courts possess broad discretion to

sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac*, *Oldsmobile*, *Buick*, *and GMC Trucks*, *Inc.*, 173 F.3d 988, 991 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991)). Further, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

Federal Rule of Civil Procedure 41 governs dismissals. As to involuntary dismissals, it provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 630. "The authority of a federal trial court to dismiss a plaintiff's

6

action with prejudice because of his failure to prosecute cannot seriously be doubted." *Id.* at 629; *see also Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under [Fed. R. Civ. P. 41(b)] to enter a *sua sponte* order of dismissal.") (citing *Link*). Moreover, "district courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro*, 173 F.3d at 991 (citing *Carver*, 946 F.2d at 453). And, "a district court can dismiss an action for noncompliance with a local rule only if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Id.* at 992.

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). In this case, the Court warned plaintiff multiple times in writing that dismissal in defendant Trott's favor would be granted if she failed to file a response to defendant Trott's motion

for summary judgment. (Dkt. 133, 150, 160). Thus, this third factor weighs in favor of dismissal. With respect to the first factor, just as in *White v. Bouchard*, 2008 WL 2216281 (E.D. Mich. May 27, 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id*. at *5. Regardless, "defendants cannot be expected to defend an action" that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*. However, it is readily apparent that plaintiff does not intend to pursue prosecution of this action against Trott given her repeated failures to file a response to defendant Trott's motion for summary judgment filed on August 30, 2013, despite the granting of multiple extensions to do so. Thus, the first and second factors weigh in favor of dismissal. Finally, given plaintiff's repeated failures to file a response as ordered, and the Court's admonition in the last order that "[g]iven the grant of multiple extensions of time to file a response to Trott's motion for summary judgment, no motion filed by plaintiff between now and March 7, 2014 will affect this [March 7, 2014] response date" (Dkt. 160), the undersigned sees no utility in considering or imposing lesser sanctions. Thus, none of the factors weigh against dismissal for failure to prosecute.

  It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White*, 2008 WL 2216281, at *5 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir.

1996)). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (noting that plaintiff's action "was not dismissed as the result of inartful pleading or any lack of legal training, but rather because he failed to adhere to readily comprehended court deadlines of which he was well-aware."). Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, 2008 WL 2216281, at *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)); *see also Labreck v. U.S. Dep't of Treasury*, 2013 WL 511031, at *2 (E.D. Mich. Jan. 25, 2013) (recommending dismissal for plaintiff's failure to comply with orders of the court), *adopted by* 2013 WL 509964 (E.D. Mich. 2013); *McMillian v. Captain D's*, 2007 WL 2436668, at *2 (D.S.C. Aug. 22, 2007) (dismissing motion to dismiss and to compel arbitration because of plaintiff's failure to respond despite being advised of the applicable procedures and possible consequences for failure to respond adequately). While this is not a typical case of "abandonment" in that plaintiff is still actively filing documents with the Court, the undersigned concludes that plaintiff has made it abundantly clear that she will not cooperate with the resolution of defendant Trott's motion for summary judgment. Under the circumstances, in the view of the undersigned, dismissal with prejudice is appropriate.

    The undersigned further notes that, if it were to consider Trott's motion for

summary judgment on the merits, plaintiff's claims would not survive summary judgment. Plaintiff asserts the same claims against both defendants, and Trott's motion for summary judgment mirrors many of the same arguments presented in Chase's motion to dismiss, which the Court has granted. (*Compare* Dkt. 107 *with* Dkt. 123). Trott argues, as Chase did, that plaintiff lacks standing to challenge Chase's foreclosure of the subject property or to demand rescission of the mortgage loan, or the Sheriff's deed, because she lost all right, title and interest in the subject property when the statutory redemption period expired. Trott further argues, as did Chase, that the validity of the foreclosure is not affected by an alleged unrecorded assignment of interest from Washington Mutual Bank, FA ("WAMU") to Chase, and plaintiff fails to allege that she was prejudiced by Chase's alleged failure to record its assignment of her mortgage, citing *Residential Funding Co. v. Saurman*, 490 Mich. 909, 910; 805 N.W.2d 183 (2011), and *Kim v. JP Morgan Chase Bank, N.A.*, 493 Mich. 98; 825 N.W.2d 329 (2012). Trott also argues, like Chase, that plaintiff fails to allege facts sufficient to state a claim under the FDCPA, TILA, 18 U.S.C. § 242 *et seq.*, and 42 U.S.C. § 1983. Trott further contends, as did Chase, that plaintiff's RESPA claim is legally deficient, plaintiff is guilty of laches, and plaintiff fails to plead fraud with particularity. Finally, Trott also argues that plaintiff lacks standing to contest the assignment or transfer of the mortgage from WAMU to Chase, and that plaintiff ratified the

transfer or assignment of WAMU's assets to Chase by her continued payments on the mortgage loan from 2008 through April 2010. (Dkt. 107, 123). Thus, plaintiff's claims against Trott should be dismissed for the same reasons as her claims against Chase have been dismissed.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that the remainder of plaintiff's complaint against defendant Trott be **DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b) and that the pending motion (Dkt. 123) be **TERMINATED** as **MOOT**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: April 1, 2014  s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I certify that on April 1, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Matthew B. Theunick, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): Mary F. Dunn Mason, 26233 Dundalk Street, Farmington Hills, MI 48334.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov