UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY F. DUNN-MASON,

    Plaintiff,

Case No. 11-cv-13419

v.

HONORABLE STEPHEN J. MURPHY, III

JP MORGAN CHASE BANK, N.A., and
TROTT & TROTT, P.C.,

    Defendants.
                                    /

**ORDER OVERRULING OBJECTIONS** (document no. 166)**, ADOPTING THE REPORT AND RECOMMENDATION** (document no. 163)**, AND DISMISSING THE COMPLAINT**

    After losing her house in foreclosure proceedings three years ago, Mary F. Dunn-Mason sued JP Morgan Chase Bank, NA ("Chase") and Trott & Trott, PC ("Trott & Trott") to void the foreclosure. The lawsuit delayed her eviction for a while, but eventually the defendants filed dispositive motions. Faced with the prospect of a final judgment on the foreclosure's validity, Dunn-Mason has made five attempts over the last nine months to delay a ruling on Trott & Trott's motion for summary judgment. Each time the Court has brushed aside her request for a deferral, ordered her to address the motion, and warned her that noncompliance could result in sanctions. All of those orders went unheeded.

    Because Dunn-Mason has repeatedly frustrated attempts to resolve the motion for summary judgment, the magistrate judge handling pretrial matters recommends dismissing the complaint for failure to prosecute. Objecting to the recommendation, Dunn-Mason argues once again that the Court should postpone a decision on Trott & Trott's motion for summary judgment. The Court is not persuaded and will dismiss her complaint.

## BACKGROUND

In 2005, Dunn-Mason and her husband took out a $256,000 loan from Washington Mutual Bank, FA ("Washington Mutual") to buy a house in Farmington Hills, Michigan. Promissory Note, ECF No. 123-2. A mortgage on the house secured the loan. Mortgage, ECF No. 123-3.

A few years later, Washington Mutual failed during the 2008 financial crisis. The Federal Deposit Insurance Corporation then took over and sold some of Washington Mutual's assets, including Dunn-Mason's mortgage, to Chase. Receivership Order, ECF No. 24-5; Purchase Agreement, ECF No. 24-6. Although Dunn-Mason claims that this assignment was never recorded, she nevertheless made mortgage payments to Chase for the next two years.

In 2010, however, Dunn-Mason ceased making her monthly payments and defaulted on the loan. Chase referred the debt to Trott & Trott, which began foreclosure proceedings. The home was eventually sold at a sheriff's sale in February 2011. Sheriff's Deed, ECF No. 24-7. But rather than attempt to redeem the property during the six-month redemption period, Dunn-Mason filed this lawsuit against Chase and Trott & Trott to void the foreclosure and to recover damages for alleged violations of the Real Estate Settlement Procedures Act, the Fair Debt Collection Practices Act, and various other laws.

Both defendants moved to dismiss. The Court eventually dismissed the claims against Chase, but denied Trott & Trott's motion for procedural reasons. Order Granting Chase's Mot. to Dismiss, ECF No. 147; Order Denying Trott & Trott's Mot. to Dismiss, ECF No. 118. After this false start, Trott & Trott moved for summary judgment on August 30, 2013. Mot. for Summ. J., ECF No. 123.

Dunn-Mason did not respond within the allotted time. She instead moved to defer consideration of the summary judgment motion until the Court ruled on matters related to Chase's motion to dismiss. Mot. to Stay, ECF No. 128. After the response deadline passed without a ruling on her motion, she requested a second postponement so that she could investigate whether the assignment of the mortgage to Chase was properly recorded and related matters. Mot. for More Discovery, ECF No. 131. The magistrate then denied the first motion and ordered her to answer the summary judgment motion by October 25, 2013. Order Denying Mot. to Stay, ECF No. 133. Rather than comply, Dunn-Mason filed a third motion to stay proceedings until more discovery could occur. Mot. to Stay Response, ECF No. 145. The magistrate then denied the two motions requesting further discovery, explaining that the recording or non-recording of the assignment would not affect the disposition of her claims, and ordered her to respond to Trott & Trott's motion by November 21, 2013. Order Denying Motions to Stay, ECF No. 150. Dunn-Mason did not object to any of these orders.

The day her response was due, Dunn-Mason moved for an extension of time to comply with the magistrate's order. Mot. to Extend Time, ECF No. 152. The magistrate gave her until December 5, 2013. But rather than use the extension to prepare a response, Dunn-Mason filed two more motions to defer consideration of Trott & Trott's motion. Mot. for Order to Defer, ECF No. 154; Mot. for Order to Stay, ECF No. 155. She explained that further discovery was needed because the mortgage assignment to Chase was never recorded. As before, the magistrate denied the motions due to the irrelevance of the requested discovery. Order Denying Mot. for Order to Defer, ECF No. 160. And the magistrate ordered her to respond to the summary judgment motion by March 7, 2014,

3

warning her that further motions to stay would be fruitless. Dunn-Mason appealed the order, but once again declined to answer the motion for summary judgment.

## STANDARD OF REVIEW

A district court must review timely objections to a magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P. 72(b)(2)–(b)(3). The court, however, may adopt, reject, or amend the portions of the report and recommendation to which no party properly objects. *See* Fed. R. Civ. P. 72(b)(3); *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## DISCUSSION

Civil Rule 41(b) permits a court to dismiss an action if the plaintiff fails to prosecute or comply with a court order. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–33 (1962). While courts prefer to resolve cases on the merits, dilatory or contumacious conduct may justify involuntary dismissal of claims. *See Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). Four considerations bear on the propriety of dismissal: (1) whether the disobedient party's failure was due to willfulness, bad faith or fault; (2) whether the failure prejudiced the opposing party; (3) whether the disobedient party was warned that failure to cooperate could result in dismissal, and (4) whether less drastic sanctions were considered or imposed. *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

All four considerations favor dismissal here. As the magistrate correctly observed, Dunn-Mason has willfully disregarded several court orders to answer Trott & Trott's motion for summary judgment. If one counts the initial deadline set by the Local Rules, *see* E.D. Mich. LR 7.1(e)(2), Dunn-Mason has missed five deadlines for responding to Trott & Trott's motion for summary judgment over the last nine months — textbook evidence of dilatory

4

tactics, *see Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (involuntarily dismissing a complaint after the pro se defendant failed to make use of multiple discovery extensions).

Perhaps Dunn-Mason can be forgiven — though certainly not commended — for not adhering to the initial briefing schedule set by the Local Rules because, as she argues, answering the motion seemed pointless until she conducted further discovery. But that excuse no longer availed once the magistrate denied her motions for more discovery and set a briefing schedule. Having waived her objections to those orders by failing to object, *see Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995), Dunn-Mason should have then complied with them. What she should not have done — but did anyway — was to ask for more time to prepare a response, fail to file one, and then seek additional discovery for the same reasons already rejected by the magistrate.

Despite this evidence of bad faith, Dunn-Mason argues that her two most recent motions for more discovery and objections to the order denying them should justify her continued non-compliance with the magistrate's orders. She overlooks, however, that she waived the arguments made in those motions by failing to object earlier. And even if she had preserved her objections, she should nevertheless have answered Trott & Trott's motion. A magistrate's orders on non-dispositive matters "remain[] in full force and effect unless and until" stayed by the magistrate or a district judge. E.D. Mich. LR 72.2. Because an order setting a briefing schedule is a non-dispositive order, the objections did not relieve Dunn-Mason of her obligation to file a response by March 7, 2014 — much less by the four previous deadlines.

Given Dunn-Mason's recalcitrance, the Court has little confidence that extending the response deadline will secure a response. Further delay is likely to prejudice Trott & Trott,

5

which has spent years litigating this case. And Dunn-Mason's pattern of flouting clear deadlines — despite multiple warnings that further noncompliance could result in sanctions, including the dismissal of her claims — vitiates hope that lesser sanctions will cause her to work diligently towards resolving this case. Therefore, the Court will dismiss her complaint with prejudice.[1]

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Dunn-Mason's objections (document no. 166) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report (document no. 163) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Dunn-Mason's complaint is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: May 15, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 15, 2014, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager

---

[1] Because dismissal under Civil Rule 41(b) is appropriate, there is no need to address the magistrate's alternate conclusion that Trott & Trott's motion for summary judgment should be granted on the merits.